IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY A. COLE,
    Plaintiff,

vs.                                Case No. 5:10cv73/SPM/EMT

WALTER McNEIL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding pro se, commenced this action on April 2, 2010, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), and a motion for leave to proceed in forma pauperis (Doc. 2). For the reasons that follow, this case should be dismissed.

    The in forma pauperis statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As of the date Plaintiff filed this civil action, he had previously filed at least three cases in the federal courts which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Cole v. Doe, Case No. 5:08cv138/RS/MD, a civil rights case filed in the Northern District of Florida which was dismissed on June 9, 2008 as malicious; Cole v. Warden, Case Number 8:07cv1798, a civil rights case filed in the Middle District of Florida which was dismissed on October 4, 2007 for failure to state a claim upon which relief may be granted; and Cole v. Gary, Case Number 9:08cv80374, a civil rights case filed in the Southern District of Florida

which was dismissed on September 11, 2008 for failure to state a claim upon which relief may be granted. In addition, Plaintiff's appeal in <u>Cole v. Espinosa</u>, Eleventh Circuit Court of Appeals' Case Number 02-14396 was dismissed as frivolous on December 30, 2002. Plaintiff was incarcerated at the time of filing each of the foregoing actions. Each action was dismissed prior to Plaintiff's filing the instant complaint.

Plaintiff's status as a "three-striker" was recognized in <u>Cole v. Tifft, et al.</u>, Case No. 5:09cv260/RH/MD, a civil rights case filed in the Northern District of Florida which was dismissed on October 23, 2009, pursuant to 28 U.S.C. § 1915(g). Thus, by the time Plaintiff brought the instant action, he knew he had three strikes and could not proceed in forma pauperis.[1] The issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, is entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit in <u>Brown v. Johnson,</u> 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a Plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.;* <u>Jackson v. Reese</u>, 608 F.2d 159, 160 (5th Cir. 1979); <u>McAlphin v. Toney</u>, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed pursuant to the imminent danger exception.

---

[1] Plaintiff attached the Report and Recommendation issued by Magistrate Judge Davis in Case No. 5:09cv260/RH/MD as an exhibit to the instant complaint (*see* Doc. 1, Ex. C).

Case No.: 5:10cv73/SPM/EMT

Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when Plaintiff was placed in administrative confinement

prior to filing his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, or that he is in imminent danger of serious physical injury. Plaintiff complains that Norma Gilo, the chief health officer at Gulf Correctional Institution, failed to provide adequate medical treatment when Plaintiff broke a rib in April of 2009 as a result of his "misexecuting" a handstand in his cell (Doc. 1 at 7–10).[2] Plaintiff alleges Gilo ordered x-rays and prescribed a support belt and Tylenol (*id.* at 8–9). He alleges Gilo ordered x-rays again in August of 2009, and Plaintiff received a CAT scan in September of 2009, but Gilo falsely reported that she interpreted the results as showing no fracture or displacement of Plaintiff's rib (*id.* at 9). Plaintiff acknowledges that his rib is now healed (*id.* at 10) but states the rib is still "significantly displaced" and, therefore, poses "imminent serious physical injury danger" (*id.* at 9). While, arguably, Plaintiff's injury may have been serious when he incurred it in April of 2009, Plaintiff's acknowledgment that the alleged fracture was healed by the time he filed the instant complaint one year later, in April of 2010, refutes his contention that the injury is ongoing or that serious physical injury is imminent. Therefore, his allegations are insufficient to satisfy the "imminent danger" exception to § 1915(g)'s "three strikes" rule.

Because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Case No.: 5:10cv73/SPM/EMT

must be dismissed under § 1915(g). Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

2. That all pending motions be **DENIED AS MOOT**.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of April 2010.


**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**